IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

2019 JUL 23 PM 4: 45

|  |  |  |
|---|---|---|
| KENNETH GLENN MILNER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:19-CV-042-D-BQ |
| | § | |
| LORIE DAVIS-DIRECTOR TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

## I.   Background

The United States District Judge referred this habeas action to the United States Magistrate Judge under 28 U.S.C. § 636(b) as implemented by Special Order 3-251. The findings, conclusions, and recommendation of the undersigned United States Magistrate Judge follow.

Petitioner Kenneth Glenn Milner, appearing pro se, filed his Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("the Petition") on February 25, 2019.[1] ECF No. 3. Milner challenges his conviction and life sentence out of Carson County, Texas, for attempted capital murder. At the time of filing, he was incarcerated in the Clements Unit of the Texas Department of Criminal Justice (TDCJ), located in Amarillo, Texas.

Respondent Lorie Davis filed her Answer with copies of Milner's relevant state-court records on May 16, 2019. ECF Nos. 8, 9. Davis asserts that the Petition is second or successive and must be dismissed for lack of subject-matter jurisdiction, or alternatively, transferred to the

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376–77 (5th Cir. 1998) (A prisoner's habeas petition is deemed to be filed when he delivers the papers to prison authorities for mailing.).

1

Fifth Circuit. Milner filed a "Request to Withdraw Writ of Habeas Corpus" on July 1, 2019. ECF No. 12.

## II.    Voluntary Dismissal

Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to voluntarily dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party has served a responsive pleading, or (ii) a stipulation of dismissal signed by all parties who have appeared. Respondent Lorie Davis filed and served her answer over a month before Milner filed his motion to withdraw the petition. Milner has not filed a stipulation signed by Respondent Davis, so a court order is required to dismiss the case.

Rule 41(a)(2) permits a court to dismiss an action at the petitioner's request after the respondent has appeared on terms that the court considers proper. Rule 41(a) may be applied in a habeas proceeding. *See* Rule 11 of the Rules Governing Section 2254 Cases; *Kramer v. Butler*, 845 F.2d 1291, 1294 (5th Cir. 1988). A dismissal under Rule 41(a)(2) is without prejudice unless the order states otherwise. Fed. R. Civ. P. 41(a)(2).

"In determining whether to grant a dismissal, the principal consideration is whether the dismissal would prejudice the defendant. If a dismissal would unfairly prejudice the defendant, then the plaintiff's motion to dismiss should be denied." *Kramer*, 845 F.2d at 1295 (quoting *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985). A respondent is unfairly prejudiced when a petitioner seeks dismissal after significant government expense—e.g., when a full evidentiary hearing has been held—and "[a]ll that remains is for the magistrate to file his report and for [the district] court to act thereon." *Id.*

Respondent Davis has filed no objection or response to Milner's motion. No evidentiary hearing has been held or scheduled. Although Davis has filed an answer and relevant state-court

records, the Court finds no indication of significant government expense. Moreover, in her Answer to the Petition, Davis urges the Court to dismiss the case until Milner obtains authorization from the Fifth Circuit to present his claims. Thus, Davis would not be unfairly prejudiced by dismissal of this case because she functionally requests the same result.

Davis asserts that Milner's Petition is successive, in violation of Rule 9 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2244. These rules prevent a district court from considering any claim presented in a second or successive habeas corpus application unless the applicant first receives authorization from the appropriate court of appeals. Milner acknowledges that he challenged the same conviction and sentence in an earlier federal petition, which was dismissed as time-barred. Pet. at 12; *see also Milner v. Quarterman*, Civil Action No. 2:03-CV-430 (N.D. Tex. Nov. 21, 2006). He has not received authorization from the Fifth Circuit to file another petition. Consequently, the Court finds that Milner's Petition is an unauthorized subsequent petition.

The Court lacks jurisdiction to reach the merits of Milner's Petition. District courts may transfer unauthorized successive petitions directly to the Fifth Circuit as an alternative to dismissal. *See* 28 U.S.C. § 1631; *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). But Milner no longer intends to pursue habeas relief, so transfer would be inappropriate. In his Motion to Withdraw, Milner admits that "further litigation would serve no legitimate purpose," because he is "unable to meet" the high standard for actual innocence.

The parties agree that the Petition should be dismissed. Whether the Court grants Petitioner's Motion or dismisses the case for lack of subject-matter jurisdiction, Petitioner cannot re-file his petition without first obtaining authorization from the Fifth Circuit. The Court finds that granting Petitioner's Motion would not unfairly prejudice Respondent Davis.

### III.    Recommendation

It is recommended that Milner's Motion to Withdraw the Petition should be granted and this case be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(2). Alternatively, it is recommended that Milner's Petition be dismissed without prejudice for lack of subject-matter jurisdiction unless he obtains authorization from the Fifth Circuit.

### IV.    Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: July **23**, 2019.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

4